**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Ricky Vincent Pendleton,
Petitioner below, Petitioner

**v.) No. 24-220** (Berkeley County CC-02-2023-C-72)

Russell Maston, Superintendent,
St. Marys Correctional Center and Jail,
Respondent below, Respondent

## MEMORANDUM DECISION

Petitioner Ricky Vincent Pendleton appeals the March 14, 2024, order of the Circuit Court of Berkeley County denying his sixth petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in denying habeas relief when he presented newly discovered habeas claims that he did not previously knowingly and intelligently waive. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 1998, following the petitioner's conviction by a jury, the circuit court sentenced the petitioner to a life term of incarceration, with the possibility of parole, for kidnapping; two to ten years of incarceration for malicious wounding; one to ten years of incarceration for grand larceny; and sixty years of incarceration for aggravated robbery. The circuit court ordered the sentences to run consecutively to one another and to a prior federal sentence imposed upon the petitioner.

Since 1998, the petitioner has initiated at least eighteen separate matters challenging his convictions and sentences, including a direct criminal appeal and five prior habeas petitions. *Pendleton v. Ames*, No. 21-0432, 2022 WL 1693753, at *1-2 and n.1 (W. Va. May 26, 2022) (memorandum decision) (internal citations and quotations omitted). In *Pendleton*, this Court affirmed the circuit court's denial of the petitioner's fifth habeas petition as the petitioner failed to show that "the circuit court abused its discretion in denying relief." *Id.* at *4. This Court explained that post-conviction litigation must end at some point because, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and Habeas corpus

---

[1] The petitioner is self-represented, and the respondent is represented by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. The petitioner is currently incarcerated at St. Marys Correctional Center. That superintendent has been substituted as the respondent. *See* W. Va. R. App. P. 41(c). Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

upon Habeas corpus." *Id.* (quoting *Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975)). This Court concluded that "[t]hat end time has come for petitioner." *Id.*

Nevertheless, the petitioner filed his sixth habeas petition in February 2023, asserting habeas claims that he alleged were newly discovered and not previously knowingly and intelligently waived. According to the circuit court,[2] petitioner raised the following claims: (1) ineffective assistance of habeas counsel; (2) ineffective assistance of trial counsel; (3) improperly amended indictment as to the kidnapping count; (4) defective indictment as to the malicious wounding count; (5) defective indictment as to the aggravated robbery count; (6) double jeopardy; (7) erroneous jury instructions that shifted the burden of proof; (8) improper application of the doctrine of res judicata and lack of an evidentiary hearing in prior habeas proceedings; (9) non-disclosure of grand jury transcripts; and (10) trial counsel's failure to object to the petitioner's wearing of a stun belt and advising the petitioner not to testify because of the possibility that the jury might see the stun belt. The circuit court found that all of these claims were previously and finally adjudicated and/or waived in the petitioner's many prior post-conviction proceedings[3] and denied habeas relief. The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

---

[2] The petitioner did not include the sixth habeas petition in his appendix.

[3] The circuit court further found that the petitioner's allegation that he wore a stun belt at his trial was not supported by the record, stating that "[t]he Court has reviewed the underlying criminal record and does not find a reference to the Petitioner's wearing of a stun belt during his trial, and this is the first time the Petitioner has raised this issue, over 25 years later." We have no way to review this finding due to the meagerness of the petitioner's appendix. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we reasoned that this Court must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim."

2

Affirmed.

**ISSUED:** October 21, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**DISQUALIFIED:**

Justice Charles S. Trump IV